

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-83,406-01

---

### EX PARTE GREGORY L. MARTINEZ, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W12-60605-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3
### FROM DALLAS COUNTY

---

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest and sentenced to ten years' imprisonment. The Fifth Court of Appeals modified the judgment and affirmed his conviction in *Martinez v. State*, No. 05-13-00836-CR (Tex. App.—Dallas June 16, 2014)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel incorrectly advised Applicant as to the wrong punishment range, failed to discuss the facts of the case with Applicant, failed to move for a withdrawal of the guilty plea after Applicant asserted his innocence, failed to impeach the complainant as to his prior inconsistent statements,

failed to object to extraneous acts in the AIS report, failed to prepare Applicant as a witness, and failed to discover that Applicant's prior convictions could not be used for enhancement purposes.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish